Filed 2/2/16  P. v. Callahan CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM MICHAEL CALLAHAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B263560<br>(Super. Ct. No. 2012000563)<br>(Ventura County) |

The trial court reduced William Michael Callahan's conviction for petty theft with a prior to a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and Schools Act ("Act").  (Pen. Code, §§ 666, subd. (a), 1170.18.)[1]  But it continued him on post-release community supervision (PRCS) (§ 3451) and declined his request for misdemeanor parole pursuant to section 1170.18, subdivision (d) of the Act. Callahan appeals from an order denying his motion to terminate PRCS.  We reverse.

## BACKGROUND

When the electorate passed Proposition 47, Callahan was on PRCS after serving a felony sentence for petty theft with a prior.  (§ 666, subd. (a).)  The trial court granted Callahan's petition to recall his sentence and resentenced him to a misdemeanor under the Act.  (§ 1170.18, subd. (a).)  Callahan and the prosecutor asked the court to

---

[1] All statutory references are to the Penal Code.

place Callahan on misdemeanor parole pursuant to section 1170.18, subdivision (d). Instead, the court continued PRCS.

The trial court subsequently heard a petition to revoke Callahan's PRCS for violation of its terms. Callahan moved to dismiss the petition on the ground that his PRCS terminated by operation of law when the court reduced his offense to a misdemeanor. On March 19, 2015, the trial court denied the motion, found Callahan in violation of the terms of his PRCS, and ordered him to serve a jail term. Callahan appeals the March 19 order.

## DISCUSSION

The trial court reduced Callahan's underlying felony to a misdemeanor. Callahan should have been placed on misdemeanor parole and not continued on PRCS.

The Act reclassifies certain felonies to misdemeanors, including petty theft with a prior. (§ 666, subd. (a).) A defendant serving a felony sentence for an offense that would have been a misdemeanor under the Act may petition for recall of sentence and resentencing. (§ 1170.18, subd. (a).) If the court grants the petition, the person "shall be" subject to one year misdemeanor parole, unless the court in its discretion releases him or her from parole. (§ 1170.18, subd. (d).) The trial court stated that if Callahan was not continuing on PRCS, it would not release him from parole under the Act.

Callahan may not be continued on PRCS. PRCS applies only to felons who have served a prison term. (§ 3451, subd. (a) [PRCS applies to persons released from prison "after serving a prison term for a felony"]; § 3450, subd. (b)(5) [PRCS is intended to improve public safety outcomes among "adult felon parolees"].) Callahan's conviction is a misdemeanor for all purposes. (§ 1170.18, subd. (k) ["Any felony conviction that is recalled and resentenced [under the Act] . . . shall be considered a misdemeanor for all purposes," except firearm restrictions].) Callahan should have been placed on misdemeanor parole under the Act, not PRCS.

2

DISPOSITION

The order is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:



YEGAN, J.



PERREN, J.

3

Brian J. Back, Judge
Ryan J. Wright, Judge

Superior Court County of Ventura

_____


Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.